UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LINDSAY M. GENTRY<br><br>Plaintiff,<br><br>-v-<br><br>HELVEY & ASSOCIATES, INC.<br><br>Defendant. | CASE NO.: 3:20-cv-00007<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Lindsay M. Gentry, for her complaint against Helvey & Associates, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described more fully in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Southern District of Indiana.

1

PARTIES

4. Plaintiff, Lindsay Gentry ("Ms. Gentry"), is a natural adult person residing in Newburgh, Indiana, which lies within the Southern District of Indiana.

5. Ms. Gentry is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Ms. Gentry is a "person" as that term is defined by § 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Helvey & Associates, Inc., is a business incorporated in Indiana that is in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by § 24-5-0.5-2(a)(3) of the IDCSA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. Due to a period of financial difficulty, Ms. Gentry has fallen behind on many financial obligations, including one originally owed to *Evansville Teachers Federal Credit Union* for $87.65 (collectively, the "Subject Debt").

13. Following non-payment, the Subject Debt was ultimately sold, assigned and/or transferred to Defendant for collection.

14. On or around September 4, 2019, Ms. Gentry received a dunning correspondence in the mail from Defendant attempting to collect the Subject Debt (the "Collection Letter"). A copy of the Collection Letter is attached to this Complaint as Exhibit A.

15. The Collection Letter reflected that the Subject Debt was owed to *Evansville Teachers Federal Credit Union* which consisted of a principal balance of $87.65 and indicated "$0.00" in "fees" and "$0.00" in "Interest" (the "Fees" and "Interest"). *See* Exhibit A.

16. Other than listing "$0.00" in Fees and Interest associated with the Subject Debt, the Collection Letter provided no further accounting, breakdown or explanation of the Fees and Interest that Defendant is allegedly permitted to collect.

17. Upon information and belief, Defendant was not authorized – per contract, statute or otherwise – to collect any balance of Fees, Interest or any other miscellaneous charges from Ms. Gentry in addition to the principal balance of the Subject Debt.

18. By indicating that the balance of fees and interest of "$0.00," Defendant falsely, deceptively and/or misleadingly implied that interest and/or fees could be assessed on such accounts in the future – whereas, in actuality, Defendant could not take and/or never intended to take such action(s) – thereby creating a false sense of urgency in Ms. Gentry that she must act quickly to pay the Subject Debt to avoid future assessment of interest and/or fees.

19. After a reasonable time to conduct discovery, Ms. Gentry trusts she can prove that all actions by Defendant as defined in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

20. Ms. Gentry was misled by Defendant's Collection Letter.

21. Ms. Gentry justifiably fears that, absent the Court's intervention, Defendant will continue to collect payment from her and ultimately cause unwarranted harm to her credit or otherwise harm her economically.

22. Due to Defendant's conduct, Ms. Gentry was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

23. Due to Defendant's conduct, Ms. Gentry is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

GROUNDS FOR RELIEF
COUNT I
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

24. All prior paragraphs are incorporated into this count by reference.

25. The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or .means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(5) and e(10).
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f and f(1).

26. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(5), e(10), f and f(1) by attempting to collect from Plaintiff by representing within the Collection Letter by indicating that "$0.00" in Interest and "$0.00" in Fees were currently owed in connection with the Subject Debt. In doing so, Defendant falsely, deceptively and/or misleading implied that Interest and/or Fees could be assessed on such accounts in the future – whereas, in actuality, Defendant could not take and/or never intended to take such action(s) – thereby creating a false sense of urgency in Plaintiff that she must act quickly to pay the Subject Debt to avoid future assessment of Interest and/or Fees. *See*, *e.g.*, *Lemke v. Escallate, LLC*, 374 F.Supp.3d 727 (2019), *Duarte v. Client Services*, 2019 WL 1425734 (N.D. Ill. Mar. 29, 2019); *Wood v. Allied Interstate, LLC*, 2018 WL 2967061 (N.D. Ill. June 13, 2018).

27. Defendant violated 15 U.S.C. § 1692e, e(5), e(10) and f by impliedly threating to take material actions against Plaintiff in connection with the Subject Debt (*i.e.*, assessing/charging interest and/or fees) that Defendant could not and/or never intended to take. Defendant's threatening of Plaintiff with material actions that it could not and/or never intended to take constituted false, deceptive and/or misleading actions that it could not and/or never intended to take constituted false, deceptive and/or misleading representations, and an unfair means of collection.

28. As an experienced debt collection agency, Defendant knows that its representations to a consumer concerning the balance of money the consumer owes are required to be truthful, complete and accurate, without any intent to mislead or deceive.

29. As set forth in paragraphs 20 through 23 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
*I.C. §§ 24-5-0.5-3(a) and (b)(20)*

30. All prior paragraphs are incorporated into this count by reference.

31. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. § 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. § 24-5-0.5-3(b)(20).
>
> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

32. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

33. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. §§ 24-5-0.5-3(a) and (b)(20), by, *inter alia*, by stating that "$0.00" in interest and/or "$0.00" in fees was owed, thereby implying that interest and/or fees could be assessed on such accounts in the future – whereas, in actuality, Defendant could not take and/or never intended to take.

34. Defendant intended Plaintiff rely on its misrepresentations and/or deceptive means in order to procure payment for more than Defendant could legally collect.

35. Defendant intended that Plaintiff rely on its unlawful misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

36. As set forth in paragraphs 20 through 23 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

37. Plaintiff is therefore entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lindsay M. Gentry, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. § 24-5-0.5-4(a)(1)(2);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 14th day of January, 2020.                    Respectfully Submitted,

                                                       */s/ Kristen C. Wasieleski*
                                                      Kristen C. Wasieleski #6303018
                                                      David S. Klain #0066305
                                                      CONSUMER LAW PARTNERS, LLC
                                                      333 N. Michigan Ave., Suite 1300
                                                      Chicago, Illinois 60601
                                                      (267) 422-1000 (phone)
                                                      (267) 422-2000 (fax)
                                                      kristen.w@consumerlawpartners.com

                                                      *Counsel for Plaintiff*


## JURY DEMAND

    Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                      */s/ Kristen C. Wasieleski*
                                                      Kristen C. Wasieleski #6303018
                                                      CONSUMER LAW PARTNERS, LLC